UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LORNA GERIS, Individually, and as Personal
Representative of the Estate of FRED GERIS, and
as Parent and Natural Guardian of CHRISTOPHER,
MATTHEW, and KRISTINE GERIS; and the
WORKPLACE SAFETY & INSURANCE
BOARD OF ONTARIO, as Subrogee,

      Plaintiffs,

v.                  Civil Docket No.:  1:07-CV-376-JTC

DiSILVA TAUNTON EXPRESS, INC.,
and JOSE L. MARTE,

      Defendants.

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

PHILLIPS LYTLE LLP
Paul Morrison-Taylor
Craig A. Leslie
Michael S. Silverstein
*Attorneys for Plaintiffs*
One HSBC Center, Suite 3400
Buffalo, New York  14203
(716) 847-8400

**PRELIMINARY STATEMENT**

Defendant Jose Marte violated Vehicle and Traffic Law §1143, and there is no triable issue of material fact about whether his negligence caused the accident that resulted in Fred Geris' death.  Nor is there any question that Mr. Marte was acting within the scope of his employment by defendant DiSilva Taunton Express, Inc. (DTE) when that accident occurred.  Consequently, plaintiffs respectfully submit that this Court should enter a liability judgment against defendants as a matter of law.

In response to plaintiffs' cross-motion seeking that relief, Defendants offer only an unconvincing attempt to forestall their inevitable liability, by claiming that Mr. Geris was somehow responsible for the accident that caused his death and devastated his family.  Defendants' arguments are, however, legally and factually unavailing.  Most incredibly, defendants' argument hinges on an entirely new version of how the accident occurred, even though this new version is wholly inconsistent with the testimony of both the eyewitnesses and Mr. Marte.  However, even their newly minted version of events remains legally insufficient to avoid liability.  Thus, even were this Court were to conclude that there is a triable issue about Mr. Geris' alleged negligence, which plaintiffs strenuously submit there is not, that conclusion does not prevent this Court from entering a liability judgment against defendants.

**STATEMENT OF FACTS**

As the Court is well aware, Mr. Geris was killed after his tractor-trailer was struck by another driven by Mr. Marte in the course of his employment with DTE.  Mr. Marte had parked the DTE tractor-trailer alongside a deceleration ramp on the New York State Thruway, in order to stop at the service area for breakfast.  Instead of re-joining traffic by driving up that ramp, and through the service area, Mr. Marte illegally drove his tractor-trailer across the

deceleration ramp, through the cross-hatched neutral area that separated that ramp from the Thruway's eastbound lanes, and into the eastbound driving lane – directly in front of the vehicle Mr. Geris was operating.  See NYS Police Collision Reconstruction Unit Report, attached to the Affidavit of Paul Morrison-Taylor, sworn to February 25, 2013, and attached to Plaintiffs' Cross-Motion for Partial Summary Judgment ("Taylor Affid.") as Exhibit 6; Docket at #72.  When Mr. Marte entered the eastbound driving lane, his tractor-trailer was travelling at only 10-25 mph.  *See* Deposition of James Williams, May 6, 2008 ("Williams Dep."), at 120-124, attached to Taylor Affid. as Exhibit 15; Supporting Deposition of James R. Williams, February 22, 2006 ("Williams Dep."), attached to Taylor Affid. as Exhibit 22.  Mr. Geris desperately tried to avoid a collision by swerving his truck to the left, toward the eastbound passing lane, but had neither sufficient time nor distance to do so.  *See id*.

Mr. Marte was charged with, among other things, failing to yield the right of way to Mr. Geris, and ultimately pled guilty to that charge.  See Certificate of Disposition, attached to Taylor Affid. as Exhibit 13.  DTE has admitted that Mr. Marte was acting within the scope of his employment at the time of the accident.  See plaintiffs' Amended Complaint at § 11, attached to Taylor Affid. as Exhibit 3; defendants' Answer to Amended Complaint at § 11, attached to Taylor Affid. as Exhibit 4.  Consequently, no question of fact exists to preclude the entry of a liability judgment against defendants.

Defendants now attempt to avoid liability by relying on a newly minted, but entirely unsupported, version of how the accident occurred.  Defendants assert – for the first time, and without any factual support – that Mr. Marte stopped on the deceleration ramp before proceeding through the cross-hatched area and illegally entering the eastbound driving lane of the thruway.  See Defendants' Opposing Declaration in Opposition to Plaintiffs' Motion for

Summary Judgment ( "Opposing Declaration"), ¶9.  Importantly, however, Mr. Marte never testified about such a stop, and the eyewitnesses' testimony does not support this new version of events.  *See* Deposition of Jose Marte, at pp. 123-43, attached to Taylor Affid. as Exhibit 14; Deposition of James Williams at pp. 33-48, attached to the Taylor Affid. as Exhibit 15; Deposition of Charles Lutz at pp. 53-54, attached to the Taylor Affid. as Exhibit 16 ("I couldn't even tell you if it was a complete stop"); NYS Police Collision Reconstruction Unit Report, attached to the Taylor Affid. as Exhibit 6; and NYS MV-104A, attached to the Taylor Affid. as Exhibit 5.  Defendants' declaration in opposition to plaintiffs' cross- motion actually seems to want to have it both ways, by making the unsupported assertion that Mr. Marte stopped on the deceleration ramp, but then summarizing Mr. Marte's contrary testimony only a few paragraphs later.  *See* Opposing Declaration, ¶¶9, 12.

Regardless, Defendants' revisionist version of the facts does not in any way affect their clear liability, and instead further highlights the fact that Mr. Geris was faced with a sudden, unexpected emergency situation, which he tried to avoid, but tragically could not.  Moreover, as discussed below, defendants' revisionist version of the facts also dramatically underscores their inability to prove any "comparative fault" by Mr. Geris.

## ARGUMENT

### POINT I

### PLAINTIFFS' CROSS-MOTION SHOULD BE GRANTED

**A.    The Alleged "Comparative Fault" of Mr. Geris Does Not Preclude Summary Judgment on Liability**

The Court will note, in the first instance, that defendants have made no effort to contest their own negligence (which is not surprising given the damning facts demonstrating

- 4 -

such negligence). Instead, defendants merely argue that the Court should not grant summary judgment against them on liability because there are questions of fact regarding the comparative negligence of Mr. Geris.[1] However, in so doing, defendants at best raise a question about the apportionment of damages, <u>not</u> a question of fact as to their liability. Accordingly, this Court should find defendants negligent, and liable to plaintiffs, as a matter of law.

Under New York law, comparative negligence is governed by CPLR Article 14-A. That statute states that "the culpable conduct attributable to the claimant or to the decedent, including contributory negligence or assumption of risk, **shall not bar recovery**, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant or decedent bears to the culpable conduct which caused the damages." *Id.* at §1411 (emphasis added). Furthermore, such conduct is an affirmative defense to be pleaded and proved by the party asserting the defense. *Id.* at §1412. Consequently, the alleged (but unproven – and unprovable) comparative negligence of Mr. Geris does not preclude the entry of a liability judgment against defendants as a matter of law.

Defendants base their unavailing argument largely on the Fourth Department's holding in *Chilberg v. Chilberg*, 13 A.D.3d 1089 (4th Dep't 2004). There, plaintiff was accidentally struck by a vehicle driven by her father, and obtained a summary judgment determination that established the liability of defendants, and dismissed defendants' affirmative defenses regarding plaintiff's comparative negligence. *Id.* at 1089-1090. Although the Fourth Department reversed the grant of summary judgment, defendants ignore the limited scope of that reversal. Specifically, the appellate court found that the trial court "properly granted that part of

---

[1] Defendants also raise several affirmative defenses, which are unrelated to any party's negligence. These arguments were raised in defendants' motion for summary judgment (*see* Docket at #67), and plaintiffs have already responded to all of them (*see* Docket at #72).

the motion of plaintiff with respect to the issue of her father's negligence," and that the trial court's only error was granting summary judgment on the issue of plaintiff's comparative fault. *Id.* In other words, plaintiff met her burden with respect to her father's negligence as a matter of law, and it was only her own "culpable conduct and causation" that remained at issue for the new trial ordered by the Court. *Id.* Consequently, *Chilberg* actually supports plaintiffs' position here, and certainly does not prevent this Court from granting summary judgment on the issue of defendants' liability.

The other cases relied upon by defendants either comport with *Chilberg*, or are inapposite. Importantly, defendants do not cite a single case where a court was reversed for finding a defendant negligent as a matter of law, solely because an issue of fact remained regarding plaintiff's alleged comparative fault. Instead, in the cases defendants rely upon, the courts simply declined to grant complete summary judgment. For example, in *King v. Washburn*, 273 A.D.2d 725 (3d Dep't 2000), the court refused to dismiss a counterclaim and affirmative defense based on defendants' comparative negligence allegations. *Id.* at 725-726. Similarly, in *Millus v. Milford*, 289 A.D.2d 543 (2d Dep't 2001), and *Valore v. McIntosh*, 8 A.D.3d 662 (2d Dep't 2004), the Courts issued very brief opinions, and do not expressly reject severing the issue of comparative negligence for trial. Accordingly, there is no basis to forestall the entry of judgment on liability against defendants.

## POINT II

### DEFENDANTS HAVE NOT (AND CANNOT) PROVE MR. GERIS WAS NEGLIGENT

It is telling that defendants have now changed their story about what Mr. Marte did just before the accident. They now assert that Mr. Marte brought his truck to a stop on the deceleration ramp before proceeding through the cross-hatched area and illegally entering the

eastbound driving lane.  Curiously, defendants appear to see some advantage in this version of the facts, even though this newly minted version is: (a)  clearly at odds with Mr. Marte's testimony, the testimony of the eyewitness truck drivers (Messrs. Williams and Lutz), and the NYS Police accident analysis report; and (b)  further undermines their arguments that Mr. Geris should have anticipated Mr. Marte suddenly pulling into the eastbound driving lane at only 10-25 mph.

Because defendants now rely on unsupported, and unsupportable, "facts" in an effort to implicate Mr. Geris, this Court should grant plaintiffs' motion in its entirety, and schedule a trial on damages.  Defendants' experts cannot base their opinions on facts which are non-existent, much less completely at odds with the eyewitness testimony and Mr. Marte's testimony.  *See Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209 (1993) ("When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict"); *see also Dasent v. Schechter*, 95 A.D.3d 693 (1st Dep't 2012) ("plaintiff's expert's affidavit, which contradicts the record, is insufficient to defeat defendant's motions for summary judgment" because it "is speculative and unsupported by the evidence"); *Roimesher v. Colgate Scaffolding & Equipment Corp.*, 77 A.D.3d 435 (1st Dep't 2010) ("plaintiff's expert's affidavit . . . contradicted plaintiff's sworn testimony and should have been disregarded").  Here, absent expert proof, defendants have no way to prove Mr. Geris' purported comparative negligence.  Consequently, this Court should grant plaintiffs' cross-motion in its entirety.

## **CONCLUSION**

Defendants do not raise a single argument that prevents the relief plaintiffs request. Clearly, defendants are liable to plaintiffs as a matter of law, given Mr. Marte's admitted violation of Vehicle and Traffic Law §1143, together with DTE's admitted employment of Mr. Marte at the time of the accident. Moreover, defendants are unable to show that Mr. Geris was in any way responsible for the accident. Accordingly, plaintiffs' cross-motion should be granted in its entirety.

DATED:   Buffalo, New York
         June 27, 2013

>                        PHILLIPS LYTLE LLP
>
>
>                        By    /s/ Paul Morrison-Taylor
>                              Paul Morrison-Taylor
>                              Craig A. Leslie
>                              Michael S. Silverstein
>                        Attorneys for Plaintiffs
>                        Suite 3400
>                        One HSBC Center
>                        Buffalo, New York  14203-2887
>                        Telephone No. (716) 847-8400

Doc #01-2672092.1