UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LORNA GERIS, Individually, and as
Personal Representative of the Estate of
FRED GERIS, and as Parent and Natural
Guardian of Christopher, Matthew, and
Kristine Geris, and the WORKPLACE
SAFETY & INSURANCE BOARD OF
ONTARIO, as Subrogee

      Plaintiffs,

v.                   Civil Docket No.: 1:07-CV-376

DISILVA TAUNTON EXPRESS INC.
and JOSE L. MARTE,

      Defendants.

---

## **SECOND AMENDED ANSWER TO AMENDED COMPLAINT**

    Defendants, DiSilva Taunton Express, Inc. and Jose L. Marte, by their attorneys, Rupp, Baase, Pfalzgraf, Cunningham & Coppola, LLC, as and for their second amended answer to plaintiffs' amended complaint, herein allege as follows:

    1.  Admits the allegations contained in paragraphs 9, 10, 11, 12, 21 and 24 of plaintiffs' amended complaint.

- 2 -

2. Denies the allegations contained in paragraphs 13, 14, 15, 17, 18, 19, 23, 25, 26, 27, 29, 30, 32, 33, 35, 36, 38, 39, 41, 42, 43, 45, 46, 47, 49, 50, 52 and 53 of plaintiffs' amended complaint.

3. Denies knowledge and information sufficient to form a belief with respect to the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 16, 20 and 22 of plaintiffs' amended complaint.

4. As and for an answer to paragraph 28 of the amended complaint, the defendants repeat and reallege their answers to paragraphs 1 through 27 with the same force and effect as if set forth at length herein.

5. As and for an answer to paragraph 31 of the amended complaint, the defendants repeat and reallege their answers to paragraphs 1 through 30 with the same force and effect as if set forth at length herein.

6. As and for an answer to paragraph 34 of the amended complaint, the defendants repeat and reallege their answers to paragraphs 1 through 33 with the same force and effect as if set forth at length herein.

7. As and for an answer to paragraph 37 of the amended complaint, the defendants repeat and reallege their answers to paragraphs 1 through 36 with the same force and effect as if set forth at length herein.

8. As and for an answer to paragraph 40 of the amended complaint, the defendants repeat and reallege their answers to paragraphs 1 through 39 with the same force and effect as if set forth at length herein.

9. As and for an answer to paragraph 44 of the amended complaint, the defendants repeat and reallege their answers to paragraphs 1 through 43 with the same force and effect as if set forth at length herein.

10. As and for an answer to paragraph 48 of the amended complaint, the defendants repeat and reallege their answers to paragraphs 1 through 47 with the same force and effect as if set forth at length herein.

11. As and for an answer to paragraph 51 of the amended complaint, the defendants repeat and reallege their answers to paragraphs 1 through 50 with the same force and effect as if set forth at length herein.

12. Denies each and every allegation in the amended complaint not previously admitted, denied, or otherwise controverted.

## FIRST AFFIRMATIVE DEFENSE

13. Some or all of the causes of action alleged in plaintiffs' amended complaint fail to state a cause of action against these answering defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

14. Plaintiffs' injuries and damages were proximately caused in whole or in part by the culpable conduct of the plaintiff, Fred Geris, and not by any culpable conduct on the part of these answering defendants, and plaintiffs' recovery, if any, should be barred or reduced in the proportion that his culpable conduct bears to the total culpable conduct found to have caused plaintiffs' damages.

## THIRD AFFIRMATIVE DEFENSE

15. These answering defendants deny that any negligence on its part was a proximate cause of the injuries alleged in the complaint, but if these answering defendants are found liable to the plaintiffs to any extent whatsoever, the culpable conduct attributable to it will not be more than 50% of the culpable conduct which is found to have caused the alleged damages, and as a result, these answering defendants are entitled to the protections afforded by Article 16 of the CPLR.

## FOURTH AFFIRMATIVE DEFENSE

16. Upon information and belief, all or part of the cost of plaintiffs' medical care, loss of earnings or other economic loss may have been paid, replaced or indemnified in whole or in part from collateral sources (as defined by CPLR 4545) or with reasonable certainty, will be replaced or indemnified in the future from collateral sources, and to that extent, these answering defendants request that in the event plaintiffs recover any judgment herein, that such amount as has, have been, or may be recovered in whole in part from collateral sources be determined by the court and that the amounts plaintiffs recover be reduced by these amounts.

## FIFTH AFFIRMATIVE DEFENSE

17. Upon information and belief, plaintiffs have failed to mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE

18. Plaintiffs' injuries could have been prevented through the use of an available seatbelt.

## SEVENTH AFFIRMATIVE DEFENSE

19. Plaintiff, The Workplace Safety & Insurance Board of Ontario lacks standing to pursue this litigation.

## EIGHTH AFFIRMATIVE DEFENSE

20. The claims of Plaintiff, The Workplace Safety & Insurance Board of Ontario are barred by Section 489 of the New York Judiciary Law.

## NINTH AFFIRMATIVE DEFENSE

21. The claims of plaintiff, Lorna Geris, as Personal Representative of the Estate of Fred Geris, and as Parent and Natural Guardian of Christopher, Matthew and Kristine Geris, are barred by virtue of Section 28 of the Workplace Safety and Insurance Act, 1997, S.O. 1997, C. 16, as amended.

## TENTH AFFIRMATIVE DEFENSE

22. The plaintiffs have failed to sue all parties that the plaintiffs' claim have responsibility for the accident, for Mr. Geris's ejection from the tractor trailer, and for plaintiffs' damages, if they are entitled to any.

## ELEVENTH AFFIRMATIVE DEFENSE

23. Any liability or responsibility for payment of the defendants is limited to their equitable share, pursuant to CPLR Article 14 and Article 16 and any other applicable statute, law, or rule.

WHEREFORE, defendants demand judgment dismissing plaintiffs' amended complaint, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: December 11, 2013
       Buffalo, New York

                         **RUPP, BAASE, PFALZGRAF,**
                         **CUNNINGHAM & COPPOLA LLC**
                         Attorneys for Defendants
                         DiSilva Taunton Express, Inc. and Jose L. Marte

By: _____
                  Joshua P. Rubin, Esq.
                  1600 Liberty Building
                  Buffalo, New York  14202-3694
                  (716) 854-3400

TO:   **PHILLIPS LYTLE LLP**
       Attorneys for Plaintiffs
       Paul Morrison-Taylor, Esq.
       Craig A. Leslie, Esq.
       3400 HSBC Center
       Buffalo, New York  14203
       (716) 847-8400