UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LORNA GERIS, Individually, and as
Personal Representative of the Estate of
FRED GERIS, and as Parent and Natural
Guardian of Christopher, Matthew, and
Kristine Geris, and the WORKPLACE
SAFETY & INSURANCE BOARD of
Ontario, as Subrogee                                     Civil Docket No.: 1:07-CV-376

                Plaintiffs,

v.

DiSILVA TAUNTON EXPRESS, INC.
and JOSE L. MARTE,

                Defendants.
_____


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
TO DISMISS DEFENDANTS' SECOND AMENDED ANSWER
AND IN THE ALTERNATIVE TO STRIKE NEW AFFIRMATIVE
<u>DEFENSES RAISED IN DEFENDANTS' SECOND AMENDED ANSWER</u>**


                                              PHILLIPS LYTLE LLP
                                              Attorneys for Plaintiffs
                                              One Canalside
                                              125 Main Street
                                              Buffalo, New York 14203
                                              Telephone No.:  (716) 847-8400


*Of Counsel:*
Paul Morrison-Taylor, Esq.
Craig A. Leslie, Esq.

## PRELIMINARY STATEMENT

On December 11, 2013 defendants filed a second amended answer to plaintiffs' amended complaint. Defendants' filing comes almost two years after plaintiffs filed their amended complaint and defendants, in turn, filed their first amended answer. Defendants did not receive leave from the Court or written consent from plaintiffs before filing their second amended answer. Accordingly, defendants' second amended answer should be dismissed for failure to comply with Federal Rule of Civil Procedure ("FRCP") 15(a). In the alternative, the new affirmative defenses raised in defendants' second amended answer should be stricken because they violate FRCP 12(f).

## STATEMENT OF FACTS

Plaintiffs commenced this action by filing a summons and complaint in New York Supreme Court, Erie County on May 2, 2007. (Exhibit 1.)[1] This action was subsequently removed to federal court, and an amended complaint was filed in the Western District of New York on February 3, 2012. (Exhibit 2.) Defendants filed an answer to plaintiffs' amended complaint on February 17, 2012. (Exhibit 3.) Defendants later filed an amended answer on February 24, 2012. (Exhibit 4.) On December 11, 2013, well after the parties concluded motion practice in which plaintiffs addressed each of defendants' affirmative defenses, defendants filed a second amended answer. (Exhibit 5.) In their second amended answer, defendants raise two new affirmative defenses. (Exhibit 5, ¶¶ 22, 23.) Defendants now allege:

> The plaintiffs have failed to sue all parties that the plaintiffs' claim have responsibility for the accident, for Mr. Geris's ejection from the tractor trailer, and for plaintiffs' damages, if they are entitle to any.

---

[1] Exhibits 1 through 5 are attached to the accompanying affidavit of Paul Morrison-Taylor.

> Any liability or responsibility for payment of the defendants is limited to their equitable share, pursuant to CPLR Article 14 and Article 16 and any other applicable statute, law, or rule.

(Exhibit 5, ¶¶ 22, 23.) Defendants did not obtain leave from the Court or obtain plaintiffs written consent before filing this second amended answer.

## ARGUMENT

## POINT I

### DEFENDANTS SECOND AMENDED ANSWER SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH FRCP 15

FRCP 15(a)(1) allows each party to amend its pleading "once as a matter of course." FRCP 15(a)(1). Rule 15(a)(2), however, states that all subsequent pleadings can only be amended "with the opposing party's written consent or the court's leave." FRCP 15(a)(2). When a party files a second or subsequent amended pleading, without leave of the Court or written consent from the opposing party, the Court must dismiss that pleading. *Zoric v. Island Taping, Inc.*, 2004 WL 1447953 at *3-4 (E.D.N.Y. 2004) ("Defendants never consented in writing to Plaintiffs filing a Third Amended Complaint by December 21, 2001. If Plaintiffs sought to file a Third Amended Complaint, they were obligated under Rule 15(a) to either seek leave of the court or obtain any writing clearly indicating the consent of the opposing party. Because Plaintiffs failed to satisfy their Rule 15(a) obligations, the Court hereby dismisses the Third Amended Complaint.") (*internal citation omitted*).

Here, defendants filed their second amended answer without obtaining leave of the Court or written consent from plaintiffs. Consequentially, defendants actions constitute a violation of FRCP 15(a)(2). *See Zoric v. Island Taping, Inc.*, 2004 WL 1447953 at *3-4, and their second amended answer should be dismissed.

## POINT II

### ABSENT AN OUTRIGHT DISMISSAL THE NEW AFFIRMATIVE DEFENSES RAISED IN THE DEFENDANTS' SECOND AMENDED ANSWER SHOULD BE STRICKEN

Pursuant to FRCP 12(f), "[t]he court may strike from a pleading an insufficient defense…on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." FRCP 12(f). A successful motion to strike requires satisfaction of a three pronged test:

> First, there may be no question of fact which might allow the defense to succeed. Second, there may be no substantial question of law, a resolution of which could allow the defense to succeed. Third, plaintiff must show that it is prejudiced by the inclusion of the defense.

*Rochester Gas & Elec. Corp. v. Delta Star, Inc.*, 2009 WL 368508 at * 5 (W.D.N.Y. 2009) (*internal citation omitted*). Here, neither of the two new defenses asserted by defendants creates a question of fact or law. Furthermore, given that almost two years has passed since plaintiffs filed their amended complaint, and motion practice on the party's earlier pleadings is now concluded, plaintiffs would be prejudiced if defendants' new defenses were allowed to stand.

**CPLR article 14 does not present a question of fact or law.**

If a party not included in a case is a necessary and indispensable party to an action, that case must be dismissed. *See Nelligan ex rel. Estate of Proia v. Cmty. Gen. Hosp. of Sullivan Cnty.*, 240 F.R.D. 123, 125 (S.D.N.Y. 2007). However, failure to include a party that may be liable to the plaintiff but is not a necessary or indispensable party does not invalidate a claim. *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.") Though

defendants allege in their second amended answer that plaintiffs failed to sue all parties responsible for Mr. Geris' death, defendants do not allege that plaintiffs failed to join any necessary or indispensable party in this action. (*See* Exhibit 5, ¶ 22.) The simple claim that plaintiffs did not include all parties in no way impacts the legitimacy of plaintiffs' claims and does not present a question of law or fact that would preclude the Court from striking this defense. *Temple*, 498 U.S. at 7.

**CPLR article 16 does not present a question of law or fact.**

CPLR article 16 limits the liability of joint tortfeasors in certain actions. The statute's exceptions however render it inapplicable here. This case involves a death that occurred in a motor vehicle accident. (Exhibit 1, ¶ 3 ("Fred Geris was a Canadian worker who was killed in a motor vehicle accident").) Article 16 expressly states that it does not apply to "any person held liable by reason of his use, operation, or ownership of a motor vehicle." CPLR § 1602. As the underlying issue in this litigation involves an accident caused by defendant Marte's operation of a motor vehicle, CPLR article 16 cannot be invoked here. *See* CPLR § 1602.

**Plaintiffs would be prejudiced if defendants new defenses are not stricken.**

Plaintiffs will be prejudiced if defendants second amended answer is allowed to stand. Prejudice can be established by showing unreasonable delay on the part of the party opposing the motion to strike. *Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152, 1155 (2d Cir. 1968) ("where the party seeking to amend wishes to raise a defense of limitations long after the answer was first filed, a court would be remiss if it did not carefully balance the effects of such action for it is manifest that risk of substantial prejudice increases in proportion to the length of defendant's delay in seeking the amendment"); *Lightfoot v. Union Carbide Corp.*, 1997 WL

752357 (S.D.N.Y. 1997) *aff'd*, 175 F.3d 1008 (2d Cir. 1999) (plaintiff's motion, made three years after claim was originally dismissed, would have unfairly prejudiced defendant).  As the Second Circuit noted in *Evans v. Syracuse City School District*, "[t]he longer the period of an unexplained delay, the less will be required of the nonmoving party [i.e. the party not seeking to amend] in terms of a showing of prejudice." *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983).

Here, defendants raise these new affirmative defenses almost two years after plaintiffs filed their amended complaints.  (*See* Exhibits 1 & 5.)  Defendants have provided no explanation for this delay, nor have they provided any explanation for why they now chose to assert these defenses.  The parties have already engaged in motion practice, and plaintiffs have spent ample time and resources in addressing each of defendants' affirmative defenses.  If the Court were to allow defendants second amended answer with these new affirmative defenses to stand, plaintiffs would be forced to devote further time and resources to address and defend these defenses, and there would be unnecessary delay in reaching a final disposition in this action.

## CONCLUSION

Based on the foregoing, plaintiffs respectfully request that the Court dismiss defendants' second amended answer or, in the alternative, strike the two new affirmative defenses defendants assert in their new answer.

Dated: Buffalo, New York
       January 6, 2014

                                    PHILLIPS LYTLE LLP

                                    By:   /s/ Paul Morrison-Taylor
                                          Paul Morrison-Taylor
                                          Craig A. Leslie
                                  Attorneys for Plaintiffs
                                  One Canalside
                                  125 Main Street
                                  Buffalo, New York, 14203
                                  Telephone No.: (716) 847-8400
                                  ptaylor@phillipslytle.com
                                  cleslie@phillipslylte.com

Doc #01-2743643.1