UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LORNA GERIS, Individually, and as
Personal Representative of the Estate of
FRED GERIS, and as Parent and Natural
Guardian of Christopher, Matthew, and
Kristine Geris, and the WORKPLACE
SAFETY & INSURANCE BOARD of
Ontario, as Subrogee                                   Civil Docket No.: 1:07-CV-376

        Plaintiffs,

v.

DiSILVA TAUNTON EXPRESS, INC.
and JOSE L. MARTE,

        Defendants.
_____

# MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' SECOND AMENDED ANSWER AND IN OPPOSITION TO DEFENDANTS' CROSS-MOTION TO AMEND

        PHILLIPS LYTLE LLP
        Attorneys for Plaintiffs
        One Canalside
        125 Main Street
        Buffalo, New York 14203
        Telephone No.:  (716) 847-8400

*Of Counsel:*
Paul Morrison-Taylor, Esq.
Craig A. Leslie, Esq.

## PRELIMINARY STATEMENT

On December 11, 2013 defendants filed a second amended answer to plaintiffs' amended complaint. The second amended answer purports to add two new affirmative defenses. Defendants' filing comes almost two years after plaintiffs filed their amended complaint and defendants, in turn, filed their first amended answer. Defendants' filing also comes after dispositive motion practice has been completed. Defendants did not obtain leave from the Court, or written consent from plaintiffs, before filing their second amended answer, and plaintiffs have moved to dismiss this pleading.

Defendants backpedaled in response to plaintiffs' motion, cross-moving for leave to amend their answer. The Court should deny defendants' cross- motion, and allow this action - now pending for nearly seven years - to proceed on the current pleadings. Accordingly, plaintiffs respectfully request an order of this Court denying defendants' cross-motion to amend their answer, and dismissing the filed second amended answer for failure to comply with Federal Rule of Civil Procedure ("FRCP") 15(a).

## STATEMENT OF FACTS

Plaintiffs commenced this action by filing a summons and complaint in New York Supreme Court, Erie County, on May 2, 2007. (Exhibit 1.)[1] The action was removed to federal court, and an amended complaint was filed in the United States District Court for the Western District of New York on February 3, 2012. (Exhibit 2.) Defendants filed an answer to plaintiffs' amended complaint on February 17, 2012. (Exhibit 3.) Defendants later filed an amended answer to the amended complaint on February 24, 2012. (Exhibit 4.) On December 11, 2013, well after the parties concluded dispositive motion practice, in which plaintiffs addressed each of

---

[1] Exhibits 1 through 7 are attached to the accompanying affidavit of Paul Morrison-Taylor.

defendants' affirmative defenses, defendants filed a second amended answer. (Exhibit 5.) In their second amended answer, defendants seek to assert two new affirmative defenses. (Exhibit 5, ¶¶ 22, 23). Defendants did not obtain leave from the Court, or obtain plaintiffs written consent, before filing this second amended answer. Plaintiffs moved against defendants' second amended answer, (Exhibit 6), and defendants responded by cross-moving for permission to again amend their answer. (Exhibit 7.)

## ARGUMENT

## POINT I

### DEFENDANTS' SECOND AMENDED ANSWER SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH FRCP 15

Defendants' cross-motion seeks only leave of the court to amend their pleadings, and they have not otherwise responded to plaintiff's motion to dismiss their second amended answer. Other than a bare request to deny plaintiffs' motion, they present no argument that their second amended answer is valid, or should be allowed. Accordingly, plaintiffs reiterate the arguments in their initial memorandum of law on this issue, and again request an order of this Court dismissing defendants' second amended answer.

## POINT II

### THIS COURT SHOULD DENY DEFENDANTS' MOTION TO AGAIN AMEND THEIR ANSWER

The federal rules entitle a party to amend their pleadings once as a matter of right, within 21 days of service, or within 21 days of a responsive pleading or motion. FRCP 15(a)(1). This period has long since passed. If defendants desire to amend their pleadings, they are now obliged to seek leave of the court, pursuant to FRCP 15(a)(2).

Importantly, FRCP 15(a)(2) does not require the Court to grant leave here, where the proposed amendments are arguably redundant, irrelevant, and baseless, and would, therefore, only delay this action further. Courts do not grant leave for parties to amend their pleadings only to add futile theories. *See Day v. Distinctive Personnel, Inc.*, 656 F.Supp.2d 331, 338 (E.D.N.Y. 2009) ("…A futile request to replead should be denied") *quoting Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

The proposed amendments are plainly futile. Defendants seek to add two affirmative defenses: (a) a proposed "Tenth Affirmative Defense" that "[t]he plaintiffs have failed to sue all parties that the plaintiffs'[sic] claim have responsibility for the accident, for Mr. Geris's ejection from the tractor trailer, and for plaintiffs' damages, if they are entitled to any;" and (b) a proposed "Eleventh Affirmative Defense" that "[a]ny liability or responsibility for payment of the defendants is limited to their equitable share, pursuant to CPLR Article 14 and Article 16 and any other applicable statute, law, or rule."

The proposed Tenth Affirmative Defense is baseless and futile. "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 5 (1990). Perhaps in light of this rule, defendants now deny that the proposed Tenth Affirmative Defense is a defense at all. *See* Memorandum of Law in Support of Defendants' Cross Motion to Amend Their Answer at p. 7. Since the proposed Tenth Affirmative Defense is apparently irrelevant as a defense, there are no grounds there upon which to grant defendants' motion to amend. *See Wilson v. Lash*, 457 F.2d 106, 109 (7th Cir. 1972) (denying leave to amend a pleading which only "covered irrelevant matters, or matters already in evidence, or questions already raised…").

The proposed Eleventh Affirmative Defense fares no better. The citation to CPLR Article 14 - titled "Contribution" - is nonsensical. The plaintiff does not seek contribution from a defendant; this article is addressed to the rights of various tortfeasors among themselves. Defendants cite to CPLR §1402: "the amount of contribution to which a person is entitled shall be the excess paid by him over and above his equitable share of the judgment recovered by the injured party; but no person shall be required to contribute an amount greater than his equitable share." This limitation on liability clearly applies only an a claim for *contribution*, after one party has paid damages, and does not bear upon a plaintiff's initial entitlement to damages. Thus, Article 14 is wholly irrelevant here.

Further, CPLR Article 16 is plainly inapplicable, Article 16 expressly states that it does not apply to "any person held liable by reason of his use, operation, or ownership of a motor vehicle." CPLR § 1602. This action, based on a collision between tractor-trailers, falls under this exception. Worse, the proposed amendment is redundant. Defendants pled Article 16 in their original "Third Affirmative Defense." Defendants are therefore moving to amend their answer to add an issue already present, and moreover, one which they admit need not be pled as an affirmative defense at all.

As with defendants' proposed Tenth Affirmative Defense, their Eleventh Affirmative Defense is futile, redundant, and irrelevant, and there is no need for this Court to grant leave for defendants to amend their pleadings to assert either.

## CONCLUSION

Based on the foregoing, plaintiffs respectfully request that the Court dismiss defendants' second amended answer and deny their motion to amend their pleadings.

- 5 -

Dated: Buffalo, New York
February 7, 2014

PHILLIPS LYTLE LLP


By:   /s/ Paul Morrison-Taylor
       Paul Morrison-Taylor
       Craig A. Leslie
Attorneys for Plaintiffs
One Canalside
125 Main Street
Buffalo, New York, 14203
Telephone No.: (716) 847-8400
ptaylor@phillipslytle.com
cleslie@phillipslylte.com

Doc #01-2751427.1

- 5 -