UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LORNA GERIS, Individually, and as
Personal Representative of the Estate of FRED GERIS,
and as Parent and Natural Guardian of
CHRISTOPHER, MATTHEW, and KRISTINE GERIS;
and, THE WORKPLACE SAFETY &
INSURANCE BOARD OF ONTARIO,
as Subrogee,

                                        Plaintiffs,

                    -vs-                                    07-CV-376-JTC

DiSILVA TAUNTON EXPRESS, INC., and
JOSE L. MARTE,

                                        Defendants.

_____

        In this diversity action, plaintiffs seek damages for wrongful death arising out of a

motor vehicle accident which occurred on February 22, 2006, resulting in the death of

plaintiffs' decedent, Fred Geris.  Now pending are plaintiffs' motion to dismiss defendants'

second amended answer containing two previously unpleaded affirmative defenses, which

was filed and served on December 11, 2013 without written consent or leave of court, and

defendants' subsequently-filed cross-motion for leave to amend the answer.  For the

reasons that follow, plaintiffs' motion to dismiss is granted, and defendants' cross-motion

for leave to amend is denied.

## **BACKGROUND**

        Plaintiffs Lorna Geris, as personal representative of the estate of Fred Geris, and

the Workplace Safety & Insurance Board of Ontario, Canada ("WSIB"), as subrogee

seeking reimbursement of amounts paid as workers' compensation survivor benefits, commenced this action on May 2, 2007, by filing a summons and complaint in New York Supreme Court, Erie County, asserting causes of action for wrongful death, conscious suffering, compensatory damages, and punitive damages against defendants DiSilva Taunton Express, Inc. ("DTE") and its employee Jose Marte (Item 1, pp. 8-15).   The case was removed to this court by notice of removal dated June 13, 2007, on the basis of complete diversity of citizenship of the parties (*id.* at 2).   Defendants filed an answer on June 18, 2007, asserting nine affirmative defenses–including defenses based on N.Y.C.P.L.R. Article 16 regarding the limited liability of joint tortfeasors, and Ms. Geris's election to receive survivor benefits under Ontario's Workplace Safety and Insurance Act ("WSIA") (*see* Item 2)

Following substantial litigation, including resolution of discovery disputes, several extensions of the deadline for fact discovery, and preliminary attempts at mediation, plaintiffs were granted leave to file an amended complaint on February 3, 2012, adding claims on behalf of Ms. Geris and her children for compensatory damages based on loss of "love, society, companionship, advice, care, guidance and support" (Item 54, ¶¶ 42, 46). Defendants promptly filed an amended answer on February 17, 2012, asserting the same nine affirmative defenses (Item 55), followed by a "corrected" amended answer filed on February 24, 2012, adding a tenth additional affirmative defense based on lack of subject matter jurisdiction (Item 57).   The court then issued a series of orders approving an amended schedule for completion of further mediation, fact and expert discovery, and dispositive motion practice (Item 56).

On December 17, 2012, defendants moved for summary judgment raising several legal arguments based primarily on the grounds that Ms. Geris's claims against DTE and Mr. Marte, and the claims based on WSIB's right to subrogation, were barred by operation of New York law or were waived by virtue of Ms. Geris's acceptance of worker's compensation survivor benefits under Ontario law. Defendants also sought dismissal of plaintiffs' claim for punitive damages for failure to present facts showing wanton and reckless disregard for public safety. Plaintiffs responded to the motion, and cross-moved for partial summary judgment on liability based on Mr. Marte's negligence as a matter of law, as evidenced by his conviction in state court on a guilty plea to the charge of failing to yield the right of way in violation of New York Vehicle & Traffic Law.

By decision and order entered July 25, 2013, this court denied both motions. *Geris v. DiSilva Taunton Exp., Inc.*, 2013 WL 3873072 (W.D.N.Y. July 25, 2013) (Item 83). The court rejected defendants' challenges based on operation of state law or waiver, and found triable issues of fact with respect to the punitive damages claim. *See id.*, 2013 WL 3873072, at *7-16. With regard to plaintiffs' cross-motion, the court determined that it was precluded from entering partial judgment in plaintiffs' favor on liability–notwithstanding the persuasive proof of defendants' negligence as a matter of law–because reasonable jurors could disagree as to the probative value of the opinions of defendants' accident reconstruction experts on the issue of Mr. Geris's comparative negligence. *See id.* at *16-18.

Following further conference with counsel, the court adopted the parties' joint proposal establishing a schedule for completion of the depositions of plaintiffs' experts by December 15, 2013, and completion of depositions of defendants' experts by March 15,

2014 (*see* Items 87 & 88).  Then, on December 11, 2013, without obtaining plaintiffs'
consent or leave of court, defendants filed a "Second Amended Answer" eliminating the
subject matter jurisdiction defense and asserting the following two previously unpleaded
"affirmative" defenses:

### TENTH AFFIRMATIVE DEFENSE

22.    The plaintiffs have failed to sue all parties that the plaintiffs'
claim have responsibility for the accident, for Mr. Geris's ejection from the
tractor trailer, and for plaintiffs' damages, if they are entitled to any.

### ELEVENTH AFFIRMATIVE DEFENSE

23.    Any liability or responsibility for payment of the defendants is
limited to their equitable share, pursuant to CPLR Article 14 and Article 16
and any other applicable statute, law, or rule.

(Item 89, ¶¶ 22, 23).

Plaintiffs have now moved to dismiss the second amended answer for failing to
comply with the requirements of Rule 15 of the Federal Rules of Civil Procedure, or in the
alternative, to strike  the newly-added defenses for failure to comply with Fed. R. Civ. P.
12(f) (Item 90).  In response, defendants filed a cross-motion for leave to amend (Item 95).

For the reasons that follow, plaintiffs' motion to dismiss the second amended
answer is granted, and defendants' motion for leave to amend the answer is denied.

### DISCUSSION

Under Rule 15, a party may amend its pleading "once as a matter of course within
… 21 days after serving it …."  Fed. R. Civ. P. 15(a)(1)(A).  "In all other cases, a party may

amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Where, as here, a party has filed an untimely amended pleading without the opposing party's written consent or obtaining prior leave of court, some courts have held that the amended pleading is without legal effect and should be stricken.  *See, e.g., Chevron Corp. v. Donziger*, 2013 WL 624648, at *2 (S.D.N.Y. Feb. 20, 2013) (citing *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) ("Generally speaking, an amendment that has been filed or served without leave of court or consent of the defendants is without legal effect."); *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient.  The failure to obtain leave results in an amended [pleading] having no legal effect."), *cited in Bristol Village, Inc. v. Louisiana–Pacific Corp.*, 916 F. Supp. 2d 357, 362 (W.D.N.Y. 2013).   In other cases, courts have allowed untimely amended pleadings served without consent or judicial permission to stand "as long as the court would have granted leave to amend if it had been sought and none of the parties would be prejudiced by allowing the change."  *Little v. National Broadcasting Co., Inc.*, 210 F. Supp. 2d 330, 372 (S.D.N.Y. 2002) (citing Charles Alan Wright, Arthur R. Miller & Mary Kay, 6 FED. PRAC. & PROC. CIV. 2d § 1484 ("Permitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal amendment policy of Rule 15(a) and the general desirability of minimizing needless formalities.")).

As often noted by the Second Circuit, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also State Teachers Retirement Bd. v. Fluor Corp.* 654 F.2d 843, 856 (2d Cir. 1981) ("Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party."). Although "[m]ere delay, … absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend…," *Ruotolo*, 514 F.3d at 191, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Advocat v. Nexus Industries, Inc.*, 497 F. Supp. 328, 331 (D.Del.1980), *quoted in Evans v. Syracuse City School Dist.*, 704 F.2d 44, 47 (2d Cir. 1983).

> As a practical matter, … any delay in asserting an affirmative defense for a significant period of time will almost invariably result in some "prejudice" to the nonmoving party. …  [T]he proper standard is one that balances the length of the delay against the resulting prejudice.

*Advocat*, 497 F. Supp. at 331 (quoted in *Evans*, 704 F.2d at 46-47).

In this case, as noted above, defendants' second amended answer was filed on December 11, 2013, 22 months after plaintiffs' amended complaint was filed on February 3, 2012.  According to defendants, it was not until the December 3, 2013 deposition of plaintiffs' seat belt expert, Stephen Syson, that it became apparent how strongly plaintiffs intended to rely on the theory that Mr. Geris's death may have been caused at least in part

by a defective seat belt manufactured by Indiana Mills Manufacturing, Inc., and the second amended answer was filed shortly thereafter to put plaintiffs on clear notice that the failure to name Indiana Mills as a defendant allows defendants to point to the "empty chair" at trial, obtain an apportionment of liability against Indiana Mills as joint tortfeasor under C.P.L.R. Article 16, and reduce defendants' equitable share accordingly under C.P.L.R. Article 14.

However, the court's review of the record renders this justification for the delay in pleading the "empty chair/equitable share" defenses unavailing.  Mr. Syson's January 18, 2011 expert report, stating the basis for his defective Indiana Mills seat belt theory, was disclosed to defendants on February 1, 2011, in accordance with the discovery schedule then in effect (*see, e.g.,* Item 39).  This disclosure should have put defendants on notice that plaintiffs intended to rely at least to some extent on the theories of causation put forth by their retained seat belt expert, and the nearly three-year delay in attempting to assert plaintiffs' failure to sue the seat belt manufacturer as an affirmative defense is certainly significant, if not inordinately lengthy.  Considering the prejudice to plaintiffs as measured by the time and resources spent during that period engaging in discovery and dispositive motion practice to address the difficult legal and factual issues raised by the properly interposed affirmative defenses, as well as the further delay in reaching a final disposition in this action likely to result from the parties' attempts to address the previously unpleaded matters raised by the additional defenses, this delay must be deemed to be undue.

The court's difficulty in overlooking this undue delay is compounded by its doubts about the necessity of granting leave to amend in order to raise these matters.  With respect to the proposed Tenth Affirmative Defense based on plaintiffs' failure to sue all

potentially responsible parties, "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990). Following this rule, "[c]ourts have held that since a tortfeasor who is found liable can seek contribution from a joint tortfeasor, defendants are not prejudiced by the failure to join all tortfeasors in one action." *Chang Young Bak v. Metro-North R. Co.*, 2013 WL 1248581, at *4 (S.D.N.Y. Mar. 26, 2013) (citing *Crowthers McCall Pattern, Inc. v. Lewis*, 129 B.R. 992, 1003 (S.D.N.Y. 1991)).

With respect to the proposed Eleventh Affirmative Defense based on the limitation of liability provisions of C.P.L.R. Article 16, this defense was asserted in the original answer and would survive dismissal of the improperly filed second amended answer. Significantly, Article 16—which allows a joint tortfeasor to limit its liability for non-economic loss[1] to its proportional share upon proof that it is fifty percent or less culpable for the plaintiff's injury (*see, e.g., Bifaro v. Rockwell Automation*, 269 F. Supp. 2d 143, 146 (W.D.N.Y. 2003)) —expressly states that it does not apply to "any person held liable by reason of his use, operation, or ownership of a motor vehicle …." C.P.L.R. § 1602(6). The claims for non-economic loss in this action (in addition to wrongful death damages), which were pleaded and have been extensively litigated as claims for damages arising from defendants' use, operation, and ownership of a tractor-trailer, are clearly subject to the express exemption of § 1602(6), precluding defendants from asserting Article 16 protection from imposition of joint and several liability for the consequences of the conduct giving rise to any non-economic losses suffered by plaintiffs. *Cf. Bifaro*, 269 F. Supp. 2d at 146 (Article 16's

---

[1]As defined in Article 16, " 'non-economic loss' includes but is not limited to pain and suffering, mental anguish, loss of consortium or other damages for non-economic loss." N.Y.C.P.L.R. § 1600.

limitation of liability remains inapplicable, and traditional rule of joint and several liability remains in effect, for economic loss, for parties allocated more than fifty percent of the liability, and for defendants who satisfy one or more of the exemptions set forth in CPLR § 1602).

Moreover, there is ample appellate level support for the principle that the limitation of liability afforded by Article 16, to the extent it applies, is statutory in nature and is not required to be pleaded as an affirmative defense. *See, e.g., Cooper v. Burt's Reliable, Inc.*, 964 N.Y.S.2d 195, 198 (App. Div. 2d Dep't 2013); *Arnold v. Siegel*, 745 N.Y.S.2d 431, 431 (App. Div. 2d Dep't 2002); *Marsala v. Weinraub*, 617 N.Y.S.2d 809, 810 (App. Div. 2d Dep't 1994).

The proposed Eleventh Affirmative Defense based on C.P.L.R. Article 14 fares no better.  C.P.L.R. § 1401 provides that:

> [T]wo or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought.

Defendants also specifically refer to C.P.L.R. § 1402, which provides that:

> The amount of contribution to which a person is entitled shall be the excess paid by him over and above his equitable share of the judgment recovered by the injured party; but no person shall be required to contribute an amount greater than his equitable share.  The equitable shares shall be determined in accordance with the relative culpability of each person liable for contribution.

The doctrine embodied by these provisions was adopted by the state legislature as a device to ensure fairness as among tortfeasors found to be jointly liable for the losses suffered by a plaintiff, by providing a statutory device to distribute the losses more equitably among the culpable parties according to their relative degree of fault, while leaving the

claimant's right to recovery "generally unaffected …."  *Sommer v. Federal Signal Corp.* 79 N.Y.2d 540, 556-57 (1992) (citing C.P.L.R. § 1404 ("Nothing contained in this article shall impair the rights of any person entitled to damages … any right of indemnity or subrogation under existing law.")); *see also Jones v. Kalache*, 915 N.Y.S.2d 479, 482 (Sup. Ct. 2011).

In this case, plaintiffs have chosen to sue only the owner and operator of the tractor-trailer involved in the accident resulting in the injury to Mr. Marte, and—whether through inadvertence, mistake, or strategy—have not sought recovery from Indiana Mills or any other potential joint tortfeasor who might have contributed in some way to the harm suffered.  By its terms, Article 14 affords defendants the right to seek contribution from a joint tortfeasor "whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought …," and there is nothing in the statue that would require a defendant to plead that right as an affirmative defense to the direct action against it.

Based on these considerations, the court finds that defendants have failed to demonstrate that justice requires granting leave to file a second amended answer in order to assert previously unpleaded affirmative defenses.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion (Item 90) to dismiss the second amended answer is granted, and defendants' motion (Item 95) for leave to amend the answer is denied.  The "corrected" amended answer filed on February 24, 2012 (Item 57) shall remain as the operative responsive pleading in the case.

A telephone conference with counsel is scheduled for July 23, 2014, at 1:15 p.m., to discuss a schedule for further proceedings in the case.  The court will initiate the call.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   April 16, 2014
p:\pending\2007\07-276.apr16.2014