UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LORNA GERIS as Personal Representative of the Estate of Fred Geris and as Parent and Natural Guardian of Christopher, Matthew, and Kristine Geris, Et al.

                Plaintiffs,

v.

DiSILVA TAUNTON EXPRESS INC. and JOSE L. MARTE,

                Defendant.

**Hon. Hugh B. Scott**

07CV376

**CONSENT**

**Final Pretrial Order**

---

    The parties have consented to proceed before the undersigned as Magistrate Judge (Docket No. 107, March 2, 2015) including presiding over the trial of this action.   Upon consultation with counsel at a pretrial conference (Docket No. 115), jury selection and trial of this matter is scheduled for **January 11, 2016**.   Accordingly, a Final Pretrial Conference is scheduled in this matter for **Wednesday, December 16, 2015**, at **10:30 AM**, before the undersigned.   **<u>The attorneys who will try the case must attend the Conference</u>**.   Subjects for discussions at this Final Pretrial Conference shall include those listed in this Court's Local Civil Rule 16(e)(1)(A)-(E), that is:   motions in limine; resolution of legal and factual issues raised in pretrial submissions; stipulations; and any other matter that the parties or the Court deems appropriate.

Counsel should also be prepared to discuss the narrowing of issues for trial and to cooperate in eliminating claims which are no longer germane and to reduce the procedural issues that may be disputed.   The goal of this Pretrial Conference is to help make certain that the trial proceeds in a clear and orderly fashion.   The parties are to comply with this Order so that this goal will be attained.

**Motions in Limine**

On or before **December 11, 2015**, counsel is to provide the Court with any *motions in limine* relating to the trial in this matter.   The party submitting such a motion shall provide legal authority for the relief requested.   Responses to these motion(s) in limine (with opposing authority cited) are due by **January 5, 2016**.   Untimely motions in limine may be denied pursuant to Federal Rule of Civil Procedure 16(f)(1)(C) (failing to comply with a pretrial Order) unless good cause is shown for the delay in filing.

On or before **December 11, 2015**, the parties shall make the following submissions:

1. <u>JURY INSTRUCTIONS</u>:   The parties must supply copies of their requested charges on the substantive issues.   (If available, each party should include a computer flash drive, disk, or like data transmission or storage device containing the charge with the set of submissions sent to Chambers, in Word format.)   Each charge is to contain citations to the authority for the charge.   Each charge is to be in standard form, with subheadings indicated.   The charges are to be presented in a logical sequence, and this submission should include an index to the charges.   The Court will use these charges to help formulate its own charge.   <u>Each party is to submit a proposed verdict form, including any special interrogatories that are appropriate, again in the same format as</u>

<u>the submission of the proposed jury instructions</u>.   If counsel fails to submit a charge, that charge will not be considered by the Court.

2. <u>TRIAL MEMORANDA</u>:   The trial memorandum shall include an outline of the facts and legal arguments to be made.   It shall also include:

   a. **Witness List**:   Each party must submit the names and addresses all prospective witnesses, including all expert witnesses, and a brief summary of their anticipated testimony.   The list must include rebuttal witnesses, but their anticipated testimony need not be summarized.   Failure to meet these requirements with respect to any witness may result in preclusion of testimony by that witness.
   b. **Voir Dire**:   Counsel may include suggested questions to be included in the *voir dire* conducted by the Court.   Although the Court's *voir dire* is fairly comprehensive, the Court will allow counsel for each party to conduct limited *voir dire* as well.   *Voir dire* by counsel should be brief and should not be repetitive of previously asked questions.
   c. **Exhibit List**:   Each party shall submit a list of exhibits it anticipates using at trial. The exhibits must be **pre-marked** numerically and any sub-exhibits should be pre-marked pursuant to Rule 79 of the U.S. District Court for the Western District of New York Local Rules of Civil Procedure ("Local Rules").   Failure to list an exhibit may result in preclusion of that exhibit at trial.   **Common exhibits should be stipulated into evidence and listed on a joint exhibit list**.   When possible, other exhibits should also be stipulated into evidence.   The stipulation must be submitted to the Court.   (See Rule 29 of the Local Rules for the stipulation procedure.)

      <u>**Three (3) sets copies of all documentary exhibits shall be submitted to the Court in separate binders, including one "clean" set that will be moved into evidence and may go to the jury for its deliberations**</u>.

   d. The parties shall advise the Court of any unusual or recurring issues, such as evidentiary issues, that are anticipated to arise at trial.

3. <u>DEPOSITION TESTIMONY</u>:   If a party intends to use deposition testimony during the course of the trial, that party's counsel must notify the other party's counsel prior to the conference of the deposition testimony intended to be offered, <u>see</u> Fed. R. Civ. P.30.   Counsel should stipulate to the admissibility of such testimony and attempt to resolve any disputes prior to the

conference.  To the extent disputes cannot be resolved, counsel shall submit written objections specifying the nature and bases for such objections.  The objections shall be supported by legal authority.  These submissions are due the same date as motions in limine are due, with responses due the same date as responses to any motions in limine would be due.  The Court may reserve ruling on the objections until the time of trial unless counsel indicate that an earlier resolution is necessary.

4.      **VIDEO TESTIMONY**:      If a party intends to use a video deposition at trial, a transcript of the video deposition testimony should also be provided to the Court.

5.      **TECHNICAL ISSUES**:  Parties having any question relating to the technology in the courtroom shall contact the IT staff of the Clerk of the Court, (716) 551-1700, or Giuseppe Ippolito, Esq., Courtroom Deputy to Magistrate Judge Hugh B. Scott, (716) 551-1864.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       July 2, 2015