UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LORNA GERIS, Individually, and as Personal
Representative of the Estate of FRED GERIS, and
as Parent and Natural Guardian of CHRISTOPHER,
MATTHEW, and KRISTINE GERIS; and the
WORKPLACE SAFETY & INSURANCE                     **AFFIDAVIT OF**
BOARD OF ONTARIO, as Subrogee,                   **CRAIG A. LESLIE**

              Plaintiffs,            Civil Docket No.:
                                                 1:07-CV-376-JTC
v.

DiSILVA TAUNTON EXPRESS, INC.,
and JOSE L. MARTE,

              Defendants.

---

STATE OF NEW YORK  )
                            ) SS:
COUNTY OF ERIE      )

Craig A. Leslie, being duly sworn, deposes and says:

1.     I am a member of Phillips Lytle LLP, attorneys for plaintiffs Lorna Geris ("Mrs. Geris") and the Workplace Safety & Insurance Board of Ontario ("WSIB"). I am familiar with the facts stated in this affidavit.

2.     I submit this affidavit in support of plaintiffs' application to approve the settlement and discontinuance of this action.

### a) The Accident

3.     This action arises as a result of an accident on the New York State Thruway on February 22, 2006, which killed Fred Geris (the "Accident").

4. At the time of the Accident, Mr. Geris was a Canadian worker and citizen, and was operating a tractor trailer eastbound on the thruway in the course of his employment for Kurtz Trucking, a Canadian company located in Ontario, Canada.

5. As Mr. Geris was approaching the Angola rest area on the thruway, travelling at or near the speed limit of 65 miles per hour, he suddenly encountered another tractor trailer, owned by defendant DiSilva Taunton Express, Inc., and operated by Jose L. Marte, entering his lane of travel.

6. Mr. Marte had stopped his tractor trailer on the paved shoulder of the thruway, at or near the exit ramp for the Angola rest area.

7. Mr. Marte illegally reentered the eastbound lane of travel by driving across the exit ramp and through a median or shoulder area.

8. Mr. Geris took evasive action to avoid colliding with the truck operated by Mr. Marte, but was unable to avoid hitting the rear of the truck.

9. As a result of the collision, the truck Mr. Geris was operating swerved onto the north shoulder, crossed back over both eastbound lanes of travel, and eventually collided with an earthen embankment on the south side of the thruway, where it came to rest.

10. Mr. Geris was ejected from the truck he was operating, was dragged across the thruway pavement by that truck, and ultimately was pinned under the truck wreckage. Mr. Geris died during the accident sequence.

### b) The Geris' Family

11. Fred was survived by his wife of 12 years, Lorna Geris, and three children, Christopher, Matthew and Kristine Geris.

12. At the time of the accident, all of Mr. Geris' family were residents of Ontario, Canada. Christopher was 11 years old, Matthew was 9 years old, and Kristine was 6 years old.

### c) Liability for the Accident

13. The accident was investigated by the New York State Police.

14. The police investigation concluded that the primary cause of the accident was Mr. Marte's conduct, including his failure to yield to oncoming traffic on the thruway, and by pulling into the eastbound driving lane, while travelling well below highway speed, directly in front of the tractor trailer Mr. Geris was operating.

15. Mr. Marte was ticketed for, among other things, failing to yield the right-of-way, and subsequently plead guilty to that charge.

### d) The Subrogated Claims and This Lawsuit

16. Pursuant to § 30 of the Workplace Safety and Insurance Board Act (the "Act"), the family of a Canadian worker killed in the course of his employment may elect to receive the benefits provided under the Act, or to commence a legal action for damages.

17. Here, Mr. Geris' surviving wife, Lorna, elected to receive WSIB benefits for her and her family. See Affidavit of Eric Kupka, sworn to October 30, 2015.

18. Thereafter, our firm was retained by the WSIB to commence this action.

19. Our firm commenced this action by filing a summons and complaint in Erie County Clerk's Office on May 2, 2007. A copy of the summons and complaint is located at Docket No. 1.

20. Defendants removed this action to this Court and answered the complaint on or about June 13, 2017. A copy of defendants' answer is located at Docket No. 2.

21. Plaintiffs' filed an amended complaint on or about February 8, 2012. A copy of the amended complaint is located at Docket No. 54.

22. Defendants answered the amended complaint on or about February 17, 2012. Defendants also filed an amended answer to amended complaint on February 24, 2012, and a second amended answer to amended complaint on or about December 11, 2013. A copy of each answer is located at Docket Nos. 55, 57, and 89.

### e) **Summary Judgment**

23. The parties each moved for summary judgment.

24. The Court denied the applications. A copy of the Court's decision is located at Docket No. 83.

25. Nevertheless, Plaintiffs believe defendants are liable for the accident, especially given Mr. Marte's plea of guilty to having failed to yield the right-of-way to Mr. Geris.

26. Defendants continued to press their affirmative defenses, including their defense that Mr. Geris was not seat belted at the time of the accident, and their assertion that he would have survived the accident, virtually unscathed, had he been using his seatbelt. Defendants also asserted that Mr. Geris was partially to blame for the accident.

27. Defendants retained various expert witnesses to support their defenses, and plaintiffs countered with their own experts.

### f) Damages

28. At the time of his death, Mr. Geris was 52 years old, having been born on December 25, 1953, in London, Ontario.

29. Mr. Geris left behind Lorna, his wife of 12 years (age 36 at the time of the accident and now 45), and three children – Christopher (age 11 at the time of the accident and now 20), Matthew (age 9 at the time of the accident and now 18), and Kristine (age 6 at the time of the accident and now 15).

30. The damages recoverable in a wrongful death action in New York include: (a) damages for loss of financial support and services; (b) out-of-pocket expenses reasonably incurred as a result of the death; (c) damages for loss of care, guidance and companionship; and (d) and any pain and suffering Mr. Geris experienced.

31. As noted above, Mr. Geris was employed by Kurtz Trucking and was making approximate $85,000.00 in wages and $13,000.00 in pension benefits in 2005.

32. Plaintiffs retained Dr. Frederick Floss, an economist based in Buffalo, New York, who determined that the value of Mr. Geris' lost earnings and benefits to his family was about $1,402,349.00.

33. In addition, it is respectfully submitted that Mr. Geris' pain and suffering claim, Mrs. Geris' loss of consortium claim, the childrens' loss of parental care and guidance claims, and the expenses incurred by the family as a result of Mr. Geris' death, realistically have a verdict value of about $1.5 million.

34. Of course, all of these potential damages would ultimately be subject to reduction for Mr. Geris' alleged failure to wear a seatbelt and comparative fault for the accident.

### g) The Settlement

35. We mediated this case on several occasions. During the most recent mediation on September 24, 2015, before James Morris, an experienced mediator, the parties agreed to settle for a total of $1.5 million.

36. In my opinion, the settlement is fair and reasonable given the damage estimates discussed above, legitimate concerns about defendants' defenses regarding Mr. Geris' alleged failure to wear a seatbelt and comparative fault, and the general nature and circumstances of this subrogated claim.

### h) Notice

37. We intend to serve a copy of this motion on Lorna Geris, Christopher Geris, and Matthew Geris. We will file the affidavits of service when they are available.

### REQUESTED RELIEF

38. We respectfully submit that the settlement is fair to all involved and ask the Court to approve it.

_____
Craig A. Leslie

Sworn to before me this
2nd day of November, 2015.

_____
Notary Public

RHONDA A. MILLER
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Oct. 2, 20_17_

Doc #01-2897086.1